**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CAROL PARADIS and KATHLEEN
M. RYAN,

     Plaintiffs - Appellees,

v.

MONTROSE MEMORIAL
HOSPITAL, COUNTY OF
MONTROSE and QUORUM HEALTH
RESOURCES, INC., a Delaware
corporation doing business in
Colorado, formerly known as HCA
Management, Company, Inc.,

     Defendants,

  and

DENNIS DOERER, in his individual
capacity and in his capacity as
Program Director of the Care Center
In-Patient Unit of Montrose Memorial
Hospital and TYLER ERICKSON, in
his individual capacity and in his
capacity as Administrator of Montrose
Memorial Hospital,

     Defendants - Appellants.

No. 97-1161

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 94-D-2408)

Submitted on the briefs:[*]

A. James Johnston and Jonathan B. Sprague of Post & Schell, P.C., Philadelphia, PA and John A. Brooks of Brooks & Brooks, Montrose, CO for Defendants - Appellants.

Diane S. King and David C. Feola of King, Minnig, Clexton & Feola, LLC, Denver, CO for Plaintiffs - Appellees.

Before **SEYMOUR**, Chief Judge, **LUCERO** and **MURPHY**, Circuit Judges.

**LUCERO**, Circuit Judge.

In this case, we inquire whether hospital staff allegations of fraud, malfeasance, and discrimination by certain hospital administrators are of sufficient public concern to be protected under the First Amendment. We also determine whether the First Amendment protections afforded such speech were clearly established at the time hospital administrators purportedly retaliated by firing the staff concerned. Because we answer both questions affirmatively, we uphold the district court's rejection of the administrators' claims of qualified immunity.

---

[*] At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.

**I**

Appellees Carol Paradis and Kathleen Ryan are registered nurses. Both worked in management roles at the Care Center In-Patient ("CCIP") Unit of Montrose Memorial Hospital. After appellees resigned from their positions, they brought claims under 42 U.S.C. § 1983 alleging that appellants Dennis Doerer, the Program Director of the CCIP unit, and Tyler Erickson, the hospital's Administrator and Chief Executive Officer, violated their First Amendment rights.

The two nurses' complaint states that they were retaliated against and ultimately constructively discharged after speaking to hospital administrators about appellant Doerer's allegedly unethical and illegal conduct. According to appellees, Doerer pressured staff to shorten or lengthen patients' stays based solely on the patients' financial resources, engaged in insurance fraud, practiced medicine without a license, and discriminated based on sex and religion. Appellees brought their allegations against Doerer to appellant Erickson and to former CCIP Unit Medical Director Dr. Wilson, Medical Director Dr. Benson, Business Manager Christian, and Chief Financial Officer White. None of these administrators remedied the situation.

Appellants moved for partial summary judgment on appellees' free speech claims. Contending that none of these claims involved issues of public concern,

appellants asserted an entitlement to qualified immunity. The district court did not accept this contention, finding instead that, at the time appellees brought their allegations to the attention of hospital administrators, it was clearly established that such speech was of public concern. Appellants bring an interlocutory appeal of the denial of summary judgment. They insist that the district court erred because allegations of health care fraud and malfeasance made to senior hospital administrators do not constitute matters of public concern for purposes of First Amendment analysis. In the alternative, appellants argue that the law protecting such speech was not clearly established at the time appellees raised their allegations. We exercise jurisdiction pursuant to 28 U.S.C. §1291, and affirm.

## II

The trial court rejected appellants' motion for summary judgment because it found that the nurses' factual allegations, if true, were sufficient to deny appellants qualified immunity as a matter of law. We review that legal determination de novo. Walter v. Morton, 33 F.3d 1240, 1242 (10th Cir. 1994). Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

**A**

Appellants contend that appellees' allegations, even if substantiated by the evidence, do not comprise speech protected under the First Amendment, and therefore appellants' conduct cannot have violated appellees' constitutional rights. To be protected, employee speech must involve a matter of public concern. Connick v. Myers , 461 U.S. 138, 146 (1983). [1] To determine whether speech is of public concern, a court must examine the "content, form and context of a given statement, as revealed by the whole record." Connick , 461 U.S. at 147-48. The court should also consider whether the speech is directed at a public issue or is merely an attempt to redress personal grievances. Workman v. Jordan , 32 F.3d 475, 483 (10th Cir. 1994). To be protected, speech must fairly relate to a "matter of political, social or other concern to the community." Connick , 461 U.S. at 146.

---

[1] The Connick public concern requirement is only one step in a multi-tiered analysis applicable to claims that a public employer has terminated an employee in violation of her First Amendment rights. The court must also balance the interests of the employee in making the statement against the employer's interest "in promoting the efficiency of the public services it performs through its employees." Pickering v. Board of Educ., 391 U.S. 563, 568 (1968). Next, a plaintiff must show that the speech was a motivating factor in her termination. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Finally, the employer can still prevail if it shows that it would have made the same decision regardless of the protected speech. Id. Appellants argue to us only that the district court erred in concluding that the speech was of public concern. Consequently, we do not examine the remainder of this multi-tiered test.

- 5 -

Appellees claim that appellant Doerer based patients' treatment on their ability to pay, practiced medicine without a license, engaged in insurance fraud, subjected patients and staff to religious harassment, and sexually harassed staff. These are self-evidently matters of "political, social, or other concern to the community." Id.; see also Schalk v. Gallemore, 906 F.2d 491, 495-96 (10th Cir. 1990) (holding that employee letter addressing, inter alia, "waste, inefficiency, and favoritism" at public hospital touches on matters of public concern).

We reject appellants' contention that such allegations are better characterized as personal grievances. The two nurses cannot reasonably be said to have had a purely personal interest in stopping appellant Doerer from basing patients' length of stay on their financial resources, nor in stopping the religious harassment of patients and staff and the sexual harassment of other staff. See Patrick v. Miller, 953 F.2d 1240, 1247 (10th Cir. 1992) (holding that employee's statements made to protect colleague from discrimination are not properly characterized as personal grievance). Moreover, appellees made their statements to senior hospital managers such as the Administrator and Chief Executive Officer, the Chief Financial Officer, the Medical Director, and the Medical Director of the CCIP Unit, all of whom presumably had authority to take action in response to the complaints. See Schalk, 906 F.2d at 495 ("An allegation of corrupt and wasteful practices at a large municipal hospital, made to the city

- 6 -

official empowered to investigate such charges, obviously involves a matter of public concern.") (quoting Rookard v. Health & Hosps. Corp., 710 F.2d 41, 46 (2d Cir. 1983)).

We also reject appellants' argument that public employees are not protected by the First Amendment unless they "go public" with their allegations or bring them to the attention of a directorial board. See Givhan v. Western Line Consolidated Sch. Dist., 439 U.S. 410, 415-16 (1979) (noting that a public employee does not lose his First Amendment rights when he chooses to communicate privately with his employer rather than spread his views before the public). It is true that in Schalk the plaintiff raised her allegations to members of the hospital board, but Schalk's determination that her speech was of public concern is not contingent upon that specific audience.

**B**

Appellants also assert that, even assuming appellees' speech was of public concern, the law at the time did not clearly establish the speech as such. We disagree. Given the state of the law when appellants allegedly retaliated against appellees based on their speech, appellants should have known that appellees' speech was of public concern. See Anderson v. Creighton, 483 U.S. 635, 640 (1987) ("[A] constitutional right is clearly established if the contours of the right

are sufficiently clear that a reasonable official would understand that what he is doing violates that right.") (internal quotations omitted).

"Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992). Schalk and Patrick control our conclusion that appellants were on notice of the protected nature of appellees' speech. Both involve facts very similar to those present in this case and were decided prior to appellees' alleged constructive termination. [2]

Schalk concludes that a nurse at a public hospital who sent a letter to the hospital board and to the City Council concerning, inter alia, waste, inefficiency, and favoritism at the hospital engaged in speech of public concern. Schalk, 906 F.2d at 495. While the Schalk court found that the defendant was entitled to qualified immunity because the law on this issue was not clearly established, id. at 499, that case clearly placed others on notice that such speech involves matters of public concern. Cf. Melton v. City of Oklahoma City, 879 F.2d 706, 729 n.36 (10th Cir. 1989) ("[T]o the extent that courts in analogous (but not necessarily

---

[2] Paradis alleges she was constructively terminated in August 1995, Ryan in May 1993. Schalk and Patrick were decided in 1990 and 1992, respectively.

factually identical) cases have struck the necessary [ _Pickering_ ] balance, government officials will be deemed "on notice" that their actions will be measured according to clearly established law and qualified immunity may not be available to them."),  _modified on other grounds_  , 928 F.2d 920 (1991) (en banc). _Patrick_ , 953 F.2d at 1242-43, 1247, holds that an employee engages in public concern speech when informing the city attorney of an intent to assist a subordinate with her race discrimination claim, and when objecting at a meeting of the City Retirement Board to the city's practice of using city retirement funds to balance the budget.  Both of these cases clearly established that appellees' speech was of public concern and was entitled to protection under the First Amendment.  Accordingly, appellants may not invoke a qualified immunity defense.

The denial of summary judgment is AFFIRMED.